**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

JAMES NELSON,

*Plaintiff,*

v.

ESA MANAGEMENT LLC, *et al.*

*Defendants.*

HONORABLE KAREN M. WILLIAMS

Civ. No. 22-2063 (KMW) (EAP)

**OPINION**

APPEARANCES:

Jonathan D. Rosenau, Esq.
Stephanie Renee Esrig, Esq.
**SCHATZ, STEINBERG & KLAYMAN**
1500 JOHN F. KENNEDY BLVD
SUITE 1300
PHILADELPHIA, PA 19102

*Attorneys for Plaintiff James Nelson*

Michael B. Devins, Esq.
**MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962

*Attorneys for Defendant ESA Management LLC*

Vincent Glorisi, Esq.
**GLORISI LAW FIRM**
1816 Englishtown Road
Old Bridge, NJ 08857

*Attorneys for Defendant Miracle Method of Toms River*

**WILLIAMS, District Judge:**

## I.    INTRODUCTION

This matter comes before the Court on Defendant ESA Management, LLC's ("ESA") Motion for Summary Judgment (ECF No. 91-1, "MSJ Br.") pursuant to Fed. R. Civ. P. 56. The Motion is opposed by James Nelson ("Plaintiff"), who claims that ESA is liable for negligence relating to an alleged personal injury that he sustained at a hotel operated and managed by ESA. (ECF No. 96-3, "Opp.") For the reasons set forth below, ESA's Motion is **DENIED**.[1]

## II.    FACTUAL BACKGROUND

This action stems from an incident that Plaintiff alleges to have occurred at an Extended Stay America hotel on September 25, 2020, which is operated and managed by ESA. (ESA's Statement of Undisputed Material Facts ("SUMF") ¶¶ 1-2, ECF No. 91-2.) Plaintiff initially checked into Room 210 on September 21, 2020, and stayed until the date of his alleged fall on September 25, 2020. (*Id.* ¶ 5.) The day before his fall, Plaintiff utilized his room's shower without incident and did not observe any cracks in the tub. (*Id.* ¶ 6.) Plaintiff alleges that the following day, he stepped into the tub and began to rinse. (*Id.* ¶ 8.) As he took a step with his right foot to reach for the shampoo, his "heel dropped two to three inches," causing him to fall backward out of the tub and sustain injuries.[2] (*Id.*)

As Plaintiff fell, the bathmat lining the tub became dislodged. (Plaintiff's Response to Defendant's Statement of Undisputed Material Facts ("RUMF") ¶ 9, ECF No. 96-2.) Plaintiff further moved the bathmat following his fall to ascertain why his foot had fallen through the tub's

---

[1] Pursuant to Local Civil Rule 78.1(b), this motion will be decided on the papers without oral argument.

[2] Specifically, Plaintiff testified that when he fell out of the tub, he struck his head on the porcelain toilet and proceeded to "slam onto the tile floor with [his] head and then [his] lower back." (*See* Opp., Ex. A, Pl.'s Dep. Tr. 136:17-20, ECF No. 96-5.)

surface. (*Id.*) Plaintiff then discovered a hole beneath the bathmat in the tub. (SUMF ¶ 9.) Plaintiff took photos of the tub and bathmat, including photos of the bathmat peeled back to reveal the hole and crack. (*Id.* ¶ 9.)

In or around May 2020—approximately four months before Plaintiff's fall—ESA discovered a crack in the bathtub of Room 210. (*Id.* ¶ 11.) ESA submitted a work order for the repair of the cracked tub to Defendant Miracle Method of Tom's River ("MMTR"), which attempted to repair the bathtub on June 22, 2020.[3] (*Id.* ¶¶ 12-13.) MMTR's corporate designee, David Romano, testified that the work order and invoice for the repair reflected that MMTR performed a "fiberglass repair" and added a slip-resistant surface to the bathtub in Room 210. (*Id.* ¶ 14.) Romano further testified that the bathmat in the photos is an "inlay," which is a cosmetic application that is glued down with a "strong adhesive" that MMTR installed when it repaired the tub. (*Id.* ¶¶ 15-16.)

From June 26, 2020 until Plaintiff's alleged fall on September 25, 2020, Room 210 was rented nineteen times—including by Plaintiff. (*Id.* ¶ 17.) There is no record evidence that ESA received any complaints about the bathtub in Room 210 nor that anyone fell or was injured in the tub between June 26, 2020 and September 25, 2020. (*Id.* ¶ 18.) ESA asserts that all bathrooms at the hotel were inspected by housekeeping staff, the Maintenance Engineer, and hotel management. (*Id.* ¶ 20.) Plaintiff disputes this contention, noting that ESA failed to identify in response to Plaintiff's interrogatories any hotel employee that inspected the bathroom in Room 210 during the three months prior to the incident. (RUMF ¶ 20.) Plaintiff further cites the deposition transcript of ESA's corporate designee and the general manager of the hotel, who testified that part of his duties would have been to inspect the room and that his name did not appear on the list of

---

[3] MMTR also submitted a short brief in opposition to ESA's Motion, arguing that genuine issues of material fact preclude the Court from granting summary judgment as to ESA. (*See* MMTR's Opp. Br. at 4, ECF No. 106.)

employees who had inspected, cleaned, or otherwise visited Room 210 between the attempted repair of the cracked tub on June 26, 2020 and Plaintiff's fall on September 25, 2020. (*Id.* ¶ 20.) Plaintiff also cites to record evidence of visible mold beneath the bathmat and surrounding the hole, suggesting that ESA had not cleaned or inspected the bathmat prior to Plaintiff's injury. (*Id.*)

ESA asserts, without citation to any affidavits or other evidence of record, that it had no notice of an alleged defect in Room 210's bathtub between the June 22, 2020 repair and Plaintiff's September 25, 2020 fall. (SUMF ¶ 23.) ESA further asserts it is undisputed that there is no evidence to show whether the specific crack on which Plaintiff fell was the same crack that it attempted to repair or an entirely new crack that developed following the repair, and whether it was the result of the failure in the repair done on June 22, 2020. (*Id.* ¶ 24.) Plaintiff disputes this contention, citing the work order, deposition testimony of Romano, and warranty pursuant to which MMTR repaired the bathtub. (RUMF ¶ 24.)

Specifically, MMTR's warranty ("Warranty") provides that MMTR will repair the failed area of a repair. (*Id.* (citing Opp., Ex. L).) Romano testified that if work was done pursuant to the Warranty, it meant that there was something wrong with the work that was initially performed. (*Id.* (citing Opp., Ex. B).) Romano also testified that if work was done pursuant to the Warranty, it would have to be the same location as the original work that was subject to the claim of warranty. (*Id.*) Romaro further clarified that this meant if the initial work was performed in an area of the tub furthest from the drain, and the claim for warranty work related to an area closer to the drain where the work was not originally done, it would not fall under the Warranty. (*Id.*) The undisputed record evidence demonstrates that after Plaintiff fell on September 25, 2020, MMTR performed repairs on the tub pursuant to the Warranty. (*Id.*)

## III.    LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' under Rule 56 if its existence or nonexistence might impact the outcome of the suit under the applicable substantive law." *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); *see also M.S. by & through Hall v. Susquehanna Twp. Sch. Dist.*, 969 F.3d 120, 125 (3d Cir. 2020) ("A fact is material if—taken as true—it would affect the outcome of the case under governing law."). Moreover, "[a] dispute over a material fact is 'genuine' if 'a reasonable jury could return a verdict for the nonmoving party.'" *Santini*, 795 F.3d at 416 (quoting *Anderson*, 477 U.S. at 248).

The moving party bears the burden of identifying portions of the record that establish the absence of a genuine issue of material fact. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The burden then "shifts to the nonmoving party to go beyond the pleadings and come forward with specific facts showing that there is a genuine issue for trial." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotations omitted)). To survive a motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. *Anderson*, 477 U.S. at 256-57. "A nonmoving party may not 'rest upon mere allegations, general denials or . . . vague statements . . . .'" *Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs*, 982 F.2d 884, 890 (3d Cir. 1992) (quoting *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991)). When considering a motion for summary judgment, the court views the facts and all reasonable inferences drawn from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587. The threshold inquiry is whether there are "any genuine factual

5

issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Quincy Mut. Fire Ins. Co. v. Scripto USA*, 573 F. Supp. 2d 875, 878 (D.N.J. 2008) (quoting *Liberty Lobby*, 477 U.S. at 250).

## IV.    DISCUSSION

To prevail on a claim of negligence under New Jersey law, a plaintiff must prove:  (1) that the defendant had a duty of care, (2) the defendant breached its duty of care, (3) proximate cause, and (4) actual damages.  *See Townsend v. Pierre*, 221 N.J. 36, 51 (2015).  Concerning the first prong, "[i]t is well recognized that the common law imposes a duty of care on business owners to maintain a safe premises for their business invitees because the law recognizes that an owner is in the best position to prevent harm." *Romeo v. Harrah's Atl. City Propco, LLC*, 168 F. Supp. 3d 726, 729 (D.N.J. 2016).  "The duty of due care to a business invitee includes an affirmative duty to inspect the premises and 'requires a business owner to discover and eliminate dangerous conditions, to maintain the premises in safe condition, and to avoid creating conditions that would render the premises unsafe.'" *Troupe v. Burlington Coat Factory Warehouse Corp.*, 443 N.J. Super. 596, 601 (App. Div. 2016) (quoting *Nisivoccia v. Glass Gardens, Inc.*, 175 N.J. 559, 563 (2003)).

"Ordinarily an injured plaintiff . . . must prove, as an element of the cause of action, that the defendant[s] had actual or constructive knowledge of the dangerous condition that caused the accident." *Nisivoccia*, 175 N.J. at 563.  The owner of a premises is on "actual notice" when "the owner/occupier or his/her employees actually knew about the unsafe condition." New Jersey Model Jury Charge (Civil), 5.20F(8), "Notice of a Particular Danger as Condition of Liability" (Rev. November 2022).  "Constructive notice can be inferred in various ways[,]" including "[t]he

characteristics of the dangerous condition giving rise to the slip and fall . . . or eyewitness testimony . . . ." *Troupe*, 443 N.J. Super. at 602 (internal citations omitted).

Here, ESA hinges its motion for summary judgment on its assertion that "there is no evidence" it had actual or constructive notice "of *any* defect with the tub in which Plaintiff purportedly fell." (MSJ Br. at 8 (emphasis added).) Contrary to ESA's assertion, the undisputed record evidence demonstrates that ESA had actual notice of a crack in Plaintiff's tub and attempted to fix the crack by contracting with MMTR. (SUMF ¶¶ 11-13.) ESA further asserts that Plaintiff has failed to adduce any proof that Plaintiff's foot fell through the tub due to a failure of the June 22, 2020 repair, or if was an entirely new crack. (MSJ Br. at 9.) The testimony of MMTR's corporate designee, the work order for the repair, and the undisputed fact that MMTR fixed the tub following Plaintiff's fall pursuant to the Warranty, however, all suggest that Plaintiff's foot fell through the same location in the tub as the original crack and, further, that it did so as a result of a failure of the June 22, 2020 repair. (RUMF ¶ 24; Opp., Exs. B, L.) Tellingly, ESA points to no countervailing evidence in the record that suggests Plaintiff's foot fell in a different location than the crack, that the June 22, 2020 repair was adequate, nor that a new crack developed following the initial attempted repair. (*See* MSJ Br. at 8-9; *see generally* SUMF.)

Accordingly, there is a genuine issue of disputed material fact regarding whether Plaintiff's foot fell through the same portion of the tub that ESA knew was cracked and attempted to repair with the services of MMTR, and whether the repair was inadequate, resulting in Plaintiff's injury.

## V.    CONCLUSION

For all the foregoing reasons, ESA's Motion for Summary Judgment is **DENIED**.

Dated: July ___, 2025

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE